**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 26-10201

Non-Argument Calendar

_____

JOHN SHUNG,

*Plaintiff-Appellant,*

*versus*

SECRETARY OF HEALTH AND HUMAN SERVICES,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:25-cv-00120-MCR-ZCB

_____

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

John Shung, proceeding *pro se,* appeals the dismissal of his complaint seeking judicial review of the denial of reimbursement for laboratory tests by the Medicare Advantage plan in which

Shung was enrolled.  Shung claimed that he was entitled to recover a total of $1,658.62 for two lab tests performed in October 2021. The district court dismissed the complaint for lack of subject-matter jurisdiction, finding that Shung did not meet the $1,900 amount-in-controversy requirement to obtain judicial review.

We review de novo questions of subject-matter jurisdiction and statutory interpretation. *Lindley v. F.D.I.C.*, 733 F.3d 1043, 1050 (11th Cir. 2013).

Part C of the Medicare program, also known as Medicare Advantage, gives a beneficiary the "option to . . . obtain the benefits available under Parts A and B as well as some additional benefits through a health insurance plan, known as a 'Medicare Advantage Plan,' administered by a private company." *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1046 (11th Cir. 2008).

The Medicare Act "strips federal courts of primary federal-question subject matter jurisdiction" over claims that arise under that Act. *Id.* at 1047.  Instead, a beneficiary enrolled in a Medicare Advantage plan who is dissatisfied with a benefits determination made by his plan must first go through the Department of Health and Human Services's ("HHS") administrative appeals process. *Id.*; *see* 42 U.S.C. § 1395w-22(g)(5); *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002).  The appeals process culminates in a final agency decision issued by the Medicare Appeals Council. *See* 42 C.F.R. § 422.608; *see id.* § 422.562(b).

26-10201                Opinion of the Court                3

The enrollee may then seek judicial review of the agency's final decision in federal district court, subject to an amount-in-controversy requirement. *See* 42 U.S.C. §§ 405(g), 1395w-22(g)(5); 42 C.F.R. § 422.612. The original amount-in-controversy requirement was $1,000, but that amount is subject to annual adjustment for inflation by the HHS Secretary. 42 U.S.C. §§ 1395w-22(g)(5), 1395ff(b)(1)(E)(iii). Requests for judicial review filed on or after January 1, 2025, are subject to threshold amounts of $1,900. *See* Adjustment to the Amount in Controversy Threshold Amounts for Calendar Year 2025, 89 Fed. Reg. 79294-03, 79295 (Sept. 27, 2024).

Here, the district court did not err in dismissing Shung's complaint for lack of subject-matter jurisdiction. It appears the administrative law judge found that the amount in controversy was $1,480.68. Shung's complaint, in contrast, sought reimbursement for denied benefits in the total amount of $1,658.62. Regardless, the amount in controversy falls short of the $1,900 threshold amount.

Shung's arguments in response are unpersuasive. He asserts that we should use the threshold amount for calendar year 2021, when the lab tests at issue were performed, and that he could have met the threshold amount had the Secretary processed his administrative appeals in a timely and professional manner. But even assuming he's right that the 2021 threshold amount applies—and we don't think he is[1]—his claim for $1,658.62 still falls short. The

---

[1] The regulations governing Medicare Part A and B appeals, for instance, expressly state, "To be entitled to judicial review, a party must meet the amount

threshold amount for 2021 was $1,760, not the $1,630 figure he cites in his initial brief. *See* Adjustment to the Amount in Controversy Threshold Amounts for Calendar Year 2021, 85 Fed. Reg. 60795-01, 60795 (Sept. 28, 2020).

Shung also seeks to add several years' interest to the amount in controversy, plus court filing fees and unspecified amounts for costs, time, and effort involved in appealing the denial of benefits. But he cites no supporting authority for doing so. And Medicare regulations generally define the amount in controversy "as the actual amount charged the individual for the items and services in the disputed claim." 42 C.F.R. § 405.1006(d)(1).

Finally, Shung raised his argument that he should be permitted to aggregate Medicare claims under 42 C.F.R. § 405.1006(e) to meet the threshold amount, based on services provided in 2023, for the first time in his reply brief. So it is not properly before us. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a *pro se* litigant's reply brief.").

Thus, Shung's disputed claims involved, at most, $1,658.62, as he alleged in his complaint. Because he did not establish an amount in controversy above the necessary threshold, judicial review is not available, and the district court properly dismissed his complaint.

---

in controversy requirements of this subpart *at the time it requests judicial review*." 42 C.F.R. § 405.1006(c) (emphasis added).

26-10201                Opinion of the Court                5

**AFFIRMED.**